[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 14, 2007
THOMAS K. KAHN
CLERK

_____

Nos. 06-10355, 06-12777
Non-Argument Calendar

_____

BIA No. A74-643-213

CESAR LEONIDES,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petitions for Review of a Decision of the
Board of Immigration Appeals

_____

(February 14, 2007)

Before DUBINA, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Cesar Leonides, a citizen of Mexico, petitions for review of the decisions of

the Board of Immigration Appeals that denied Leonides's motion to reconsider and construed Leonides's motion to vacate an order of deportation as a motion to reopen and denied that motion as numerically barred. Because Leonides abandoned his argument with regard to the motion to reconsider and the BIA did not abuse its discretion when it construed Leonides's motion to vacate as a motion to reopen and denied it, we deny the petitions.

In 1997, an in absentia order of deportation was entered against Leonides for having entered the United States without inspection. See 8 U.S.C. § 1227(a)(1)(B). On November 9, 2004, more than seven years after the entry of the deportation order, Leonides filed a motion to rescind the order of deportation. See 8 U.S.C. § 1252(c)(3)(B) (1995). In his motion, Leonides made two arguments. First, Leonides asserted that he did not receive the order to show cause and notice of his deportation hearing. Second, Leonides contended that the Immigration Judge did not have jurisdiction to issue an order of deportation because Leonides was not present in the United States when the order to show cause was issued nor during the pendency of the deportation proceedings.

An Immigration Judge denied the motion to reopen on the grounds that the notice of the deportation hearing was properly served at Leonides's last known address, and Leonides's statement that he was out of the country was not sufficient cause to reopen. The BIA affirmed. The BIA concluded that the order to show

2

cause was properly served on Leonides, who failed to establish that he was in Mexico during the deportation proceedings. The BIA discounted the evidence presented by Leonides because the evidence was not accompanied by certified English translations as required by the regulations, 8 C.F.R. § 1003.33.

Leonides filed a motion for reconsideration with the BIA to which he attached certified English translations of the evidence that he had submitted with his motion to rescind. Because it viewed the certified English translations as "new evidence," the BIA construed Leonides's motion as both a second motion to reopen and a motion to reconsider. The BIA denied the second motion to reopen as numerically barred, 8 C.F.R. § 1003.2(c)(2), and denied the motion to reconsider on the merits. Leonides petitioned this Court for review.

While his petition for review was pending, Leonides filed yet another motion with the BIA entitled Motion to Vacate Order of Deportation. In his motion, Leonides again challenged the jurisdiction of the Immigration Judge that entered the order of deportation against him. Leonides asserted that he was not seeking to reopen the deportation proceedings and was not filing his motion under section 242(c)(B)(3) of the Immigration Act. Despite his protestations that he was not seeking to reopen or rescind the deportation order, the BIA again construed Leonides's motion as a motion to reopen and denied the motion as numerically barred.

3

Leonides petitioned this Court for review. His petitions were consolidated on appeal, but in his brief on appeal, Leonides withdrew his petition relating to the denial of his motion to reconsider. The only issue remaining before the Court is whether the BIA erred when it construed Leonides's motion to vacate as a motion to reopen and denied that motion as numerically barred.

The BIA did not err when it construed Leonides's motion to vacate as a motion to reopen. Although Leonides asserted that his motion to vacate did not seek either to reopen the deportation proceedings or to rescind the deportation order of the Immigration Judge, the relief sought by Leonides was identical to the relief sought in his previous motion to reopen. Moreover, neither the Immigration and Nationality Act nor the accompanying regulations provide any authority for the BIA to vacate an in absentia deportation order, and Leonides fails to mention any authority for his request. In this circumstance, the BIA did not abuse its discretion when it construed Leonides's filing as a motion to reopen, which the BIA ordinarily can entertain.

The BIA also did not err when it denied Leonides's motion to reopen as numerically barred. The federal regulations that govern motions to reopen or reconsider provide that ordinarily "a party may file only one motion to reopen deportation or exclusion proceedings . . . and that motion must be filed no later than 90 days after the date on which the final administrative decision was

4

rendered." 8 C.F.R. § 1003.2(c)(2). The regulations also provide that the time and numerical limitations of section 1003.2(c)(2) do not apply to a motion to reopen or rescind an order filed in absentia. Id. § 1003.2(c)(3)(i). A motion to rescind an order of deportation filed in absentia may be filed "[a]t any time if the alien demonstrates that he or she did not receive notice or if the alien demonstrates that he or she was in federal or state custody and the failure to appear was through no fault of the alien." Id. § 1003.23(b)(4)(iii)(A)(2). An order entered in absentia in deportation proceedings may be rescinded only upon a motion to reopen. 8 U.S.C. § 1252b(c)(3) (1995).

Leonides argues that, because his first motion to rescind or reopen was filed under section 1003.23(b)(4), it was not subject to the time and numerical limitations of section 1003.2(c)(2) and cannot be counted as the one motion to reopen that he was permitted to file, but this argument fails. Although time and numerical limitations do not apply to motions to rescind an order of deportation filed in absentia, nothing in the regulation prevents the BIA from counting a motion to rescind against a later filed motion to reopen. Because Leonides's "Motion to Vacate," construed as a motion to reopen, was not filed under section 1003.23, the numerical limitations applied, and the BIA did not err when it determined that the motion was numerically barred.

Because we conclude that the BIA did not err when it construed Leonides's

5

motion to vacate as a motion to reopen and denied that motion as numerically barred, we do not consider and express no opinion with respect to Leonides's argument regarding the jurisdiction of the Immigration Judge. Because he has not raised a constitutional question, we also express no opinion whether other avenues of relief, such as a petition for habeas corpus, see Madu v. U.S. Att'y Gen., 470 F.3d 1362 (11th Cir. 2006), are available to Leonides to challenge the jurisdiction of the Immigration Judge.

Leonides's petitions for review are

**DENIED.**